TAYLOR *v.* STATE.

(Division B. Nov. 3, 1930.)

[130 So. 502. No. 28020.]

506

Cutrer & Smith, Brewer & Brewer and Vincent J. Brocato, all of Clarksdale, for appellant.

Edwin R. Holmes, Jr., Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Henry Taylor was indicted, tried, and convicted for the murder of Lynn Coleman in the Second district of Coahoma county, Mississippi.

The evidence relied upon for conviction is that on a certain day Henry Taylor, in company with Coleman, and others, went to Jonestown, Mississippi, and from there to a negro house situated in the said town, where a number of men, including the defendant, engaged in a game of craps. After playing awhile, the defendant stated that he was broke and left the room in which the game was being carried on. He went into another room where a shotgun was, which shotgun had been fired earlier in the day on some kind of wager between some of the parties at the crap game, and when he returned to the room where the game was in progress he threw the gun in the direction of the players and ordered them to leave the money they had won from him. Two of the negroes bolted through a window, one of them being Percy Washington who was jointly indicted with the appellant. The players seemed to leave the money, and Coleman and others soon left the house and proceeded in the direction of their home. It was night, but the moon was shining hazily, there being some clouds, and after Coleman and two others who were in the car driven by Coleman had proceeded down the road they met the defendant Taylor, and one of the occupants of the car said: "Slow down, let's take him home." Coleman had his head stuck out of the window on the side the steering wheel was on, looking in front, as it was muddy and the windshield

seemed to have been bespattered. Just after they passed the defendant two shots were filed, Coleman being at the time slowing down the car, and Coleman was killed by one of the shots. The occupants of the car after the killing of Coleman "sent for the law," and officers came and arrested the appellant. When first arrested appellant stated that Percy Washington did the killing, but the officers carried him to the place where Percy Washington lived and he changed his statement. He was then placed in jail and made a free and voluntary statement, according to the officers in charge, in which he stated that Percy Washington came up with him armed with a Winchester and ordered him to throw down the shotgun, which he did; that when he threw the gun down Percy Washington then handed him the Winchester and commanded him to kill Lynn Coleman, driver of the car; and that he did kill him because compelled through fear to do so.

There were several witnesses who heard the shooting, two shots being fired, one killing Coleman and the other penetrating the fender of the car in which Coleman was driving. These two witnesses stated that just after the shooting they saw the appellant and Percy Washington run by them, and they called to them to know what was the matter, but they did not reply, and that each of them had guns, but they could not tell what kind of a gun, whether rifle or shotgun, either of them had. Another witness testified that he was standing upon the gallery of his home near by when the shots were fired, and that the shots were between his residence and the car. Another witness testified that after the episode at the crap game, above referred to, the appellant came up to where Percy Washington was and said to him, "Let's us go and get uses money from them or kill the d— s— of b—," and that they left, going in the direction where the killing took place.

The defendant did not testify in his own behalf, but introduced testimony as to his good character, his peace

and violence prior to and at the time of the killing. Percy Washington had been tried for the murder, convicted in the circuit court, but on appeal to the supreme court the conviction was reversed and appellant was discharged on the ground the evidence was insufficient to connect him with the killing. See Washington v. State, 155 Miss. 404, 124 So. 480.

The appellant complains that the evidence is insufficient to convict him, and that the confessions were improperly admitted.

We think each of these contentions are entirely without merit. The appellant requested an instruction that: "If the jury cannot find from the evidence beyond a reasonable doubt as a substantive and independent fact that the shot was fired by the defendant which caused the death of the deceased, and if they cannot further find from the evidence beyond a reasonable doubt that such shot actually and solely caused the death of the deceased, then it is the duty of the jury to find the defendant not guilty." The court modified this instruction so as to insert after the word "defendant" and before the word "which" the following, "or the defendant aided or abetted another firing the shot." The modification is complained of. We think the modification was not only proper, but was necessary to make the correct statement of the law.

The defendant requested and was refused what is known as the two theories instruction, reading as follows: "The court instructs the jury that if there arise from the facts in this case two reasonable theories to one, of which the jury should under the instructions of the court find the defendant guilty of some crime, and according to the other of which, it would be the duty of the jury under such instructions to find the defendant not guilty of the crime charged against him, or of any crime, then it is the duty of the jury throughout, to give the defendant the benefit of every reasonable doubt in the case, and to adopt that theory consistent with the inno-

cence of the defendant, if the jury believe from the evidence that it is reasonable so to do, and to find the defendant not guilty."

The court gave the following instruction for the defendant: "The court instructs the jury that if they can deduce from the facts and circumstances surrounding the killing, either from the evidence or lack of evidence, any reasonable hypothesis consistent with the innocence of the defendant, then there is a reasonable doubt as to his guilt, and the jury must return a verdict of not guilty."

We think the instruction given is a sufficient announcement upon the subject. It is true that in cases depending solely upon circumstantial evidence where there are two reasonable theories, one favorable to the innocence of the defendant and the other favorable to his guilt, the jury must acquit the defendant. But the court is not required to give the principle in any particular language, nor is it required to repeat in substance an instruction already given, so as to convey the same idea in different language. The court also refused a requested instruction that the defendant was in no way responsible for the acts and conduct of the man named Percy Washington. The defendant, in his confession, stated that Washington compelled him, or ordered him, to do the shooting; and as he did the shooting, as he stated in his confession he did, in obedience to the orders of Washington, he is of course equally guilty as he would be had he done it entirely on his own volition. A person is not authorized to take the life of another person at the command of a third person, whether he is in fear of such person or not, and if he and Washington were acting together, as the proof tended to show, being joint actors each was equally guilty regardless of who fired the fatal shot.

The judgment of the court below will therefore be affirmed.

Affirmed.