WARREN *v.* STATE.

(In Banc. Nov. 18, 1935.)

[164 So. 234. No. 31716.]

Martin & Berry, of Prentiss, for appellant.

66

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **G. L. Martin** and **Ovie L. Berry**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was indicted and convicted of murder, and was sentenced to death. Many errors are assigned, but we shall consider four only, each of which assignments is well taken.

1. The testimony on the part of the state discloses that the confession made to the sheriff, and admitted in evidence, was not free and voluntary as those terms are understood in the law. The facts bring the case squarely within Harvey v. State (Miss.), 20 So. 837, and Johnson v. State, 89 Miss. 773, 42 So. 606.

2. When the state had closed its evidence upon the preliminary inquiry, in the absence of the jury, as to whether the confession made to the sheriff was admissible, the appellant not only objected to it, but in addition offered himself as a witness to show that the confession was not free and voluntary. But the court refused to hear him at that time on that issue. This was plain error, 16 C. J., p. 734, sec. 1511 (2), 2 Bishop Crim. Procedure, sec. 1220, and was the denial of a right of the accused guaranteed to him by section 26 of the Constitution of 1890. The constitutional right to be heard means the right to be heard at the proper time, and is not satisfied by so postponing the right as to make it in whole or in part ineffective, or to a time when to avail of it entails the acceptance of conditions which may not lawfully be imposed upon the accused.

3. Testimony of a damaging character was admitted by the evidence of the sheriff in respect to certain incriminating articles found on the premises of the accused. These articles, as best we can make out from this

record, were found by other persons than the sheriff. For instance, the burned pocketknife and the burned metallic rims of two pocketbooks were said by the sheriff to have been found in the fireplace in the residence of the accused, but these were found by Mr. J. Mangrum, so it was said, and yet Mr. Mangrum was not put on the stand as a witness. When the testimony of the sheriff is closely analyzed, it is apparent that much of it of an exceedingly harmful nature, and in the respect above mentioned, was but hearsay, and was not of the actual knowledge of the sheriff himself. Although a confession not voluntary may not be received in its entirety, nevertheless such particular parts of it as definitely direct to the place or places where property or other evidence may be found is admissible, when and if in pursuance thereof the property or evidence is accordingly afterwards found. Garrard v. State, 50 Miss. 147. But under this rule the parties who actually found the evidence must be introduced, not a witness or witnesses who know of it only by hearsay from such others.

4. Testimony of a damaging character was admitted by the evidence of the constable in respect to certain incriminating articles found by the constable on the premises of the accused. When this evidence was offered, and step by step as it was offered, the defendant objected because the constable was not shown to have had a search warrant authorizing the search, but instead of sustaining said objections, no search warrant having been sufficiently shown, the court reserved rulings on the objections, and when all the objectionable testimony had got thoroughly before the jury, the court afterwards, and towards the close of the trial, excluded the evidence and directed the jury not to consider it.

In trials before the chancellor, or before the circuit judge, without a jury, the practice of reserving rulings on objections to evidence is permissible because the judge, trained in such matters and skilled in legal discrimination, is able upon final decision to put out of his mind

that part of the testimony which he has heard, but which upon a mature examination of the legal questions in respect thereto is found to be inadmissible as evidence; but an untrained jury cannot so well do this. Therefore, the proper practice in jury trials is that the judge shall rule positively one way or the other when the evidence is offered and the objection thereto is made. 64 C. J., p. 220, sec. 232 (2). This, however, is not to be laid down as an inflexible rule, there being several appropriate circumstances for its reasonable relaxation. But when it is not adhered to, and harmfully objectionable testimony is allowed to get to the jury under reserved rulings, and in such a manner and to such an extent that we cannot safely say the jury has not been materially influenced thereby, we must reverse, even though the court at some later stage of the trial may have instructed the jury to disregard the illegal evidence. Compare Lamar v. State, 64 Miss. 687, 2 So. 12; Green v. State, 97 Miss. 834, 53 So. 415.

The attorney-general has confessed error in two of the particulars above mentioned, but has submitted that the legal evidence, and that part of the record free of error, is amply sufficient to sustain the verdict and judgment, as was done in Comings v. State, 163 Miss. 442, 142 So. 19, and Wexler v. State, 167 Miss. 464, 142 So. 501. The Chief Justice and the writer have inclined to this view, but the majority are of the opinion that the death penalty should not be affirmed upon a record so marked with error, when we take into consideration that if the legal evidence only had been placed before an unbiased and impartial jury, in a calm and deliberate atmosphere, the verdict might have been for a life imprisonment, conceding for the sake of the argument that no less sentence could or would have resulted.

Reversed and remanded.