PARKER *et al. v.* STATE.

(In Banc.   May 24, 1943.   Suggestion of Error Overruled June 25, 1943.)

[13 So. (2d) 620.   No. 35387.]

H. T. Huber, F. S. Dunning, and Jack M. Greaves, all of Canton, and Ross R. Barnett, C. B. Snow, and Forrest B. Jackson, all of Jackson, for appellant.

900

901

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellants, Elijah Parker, Walter James Lewis and George Lewis, were jointly indicted in Madison County for the murder of T. H. Gober. The venue was changed to Hinds County, where they were jointly tried and convicted, Parker being sentenced to death, and the two Lewises to life imprisonment in the state penitentiary. All of them appealed, but Walter James Lewis died after the appeal was taken.

When the crime was committed, and when the case was tried in the court below, the two Lewises were both under 18 years of age, George being 16 years old. A motion

was made by their counsel in the court below to dismiss the prosecution as to them, and to commit them to the juvenile court of Madison County, where they lived. This ruling of the court is assigned for error by counsel for George Lewis. His contention that he is a delinquent within the meaning of section 9 of chapter 300, Laws 1940, which established our juvenile courts, is correct. But his contention that because thereof the court below erred in trying and punishing him on this indictment is negatived by section 20 of the statute, which provides that, "Whenever it shall appear to any criminal court of this state that any person being prosecuted in such court for a felony is a child under eighteen years of age, such court shall have authority to order such prosecution dismissed and to order such child to be committed to the juvenile court for such action and disposition as said juvenile court may think proper in the premises."

Under this section the dismissal of such a prosecution, and the committal of the defendant therein to the juvenile court rests in the sound discretion of the trial judge, subject only to review for abuse thereof, and such does not appear here.

The only other error assigned is that the court below erred in admitting a confession made by each of the defendants that Gober was assassinated by them, without which the evidence is insufficient to connect them therewith.

The evidence for the state discloses that these confessions were freely and voluntarily made; but that of the appellants is to the effect that they were coerced. The trial judge accepted the state's version of the matter, and nothing appears in the evidence to warrant us in holding that he erred in so doing.

Affirmed, Elijah Parker's death sentence to be executed on Thursday, July 1, 1943.