STREET *v.* STATE.

(In Banc.   June 10, 1946.)

[26 So. (2d) 678.   No. 36138.]

**Hugh Barr Miller,** of Jackson, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

The appellant, a large and powerful negro, was indicted and convicted of the rape of a twelve year old white school girl in the suburbs of the City of Jackson, in the evening. He was sentenced to electrocution by the Circuit Court of the First Judicial District of Hinds County, and appeals.

The unfortunate victim of appellant's lust was bodily forced by him into a car he was driving. He carried her to a certain spot on a side, but not remote, road, where an attempt was made to ravish her. It was frustrated by her screams, which alarmed the appellant, and he forced her back into the car, and carried her to a more secluded spot, where he raped her. He did not accomplish his horrid purpose without resistance to the full extent of

her power by this young girl. When he finished with her, although threatening further violation before doing so, he finally put her out of the car somewhere near the point where he first seized her. She went home, and told her parents about the tragic events, sobbingly describing the clothes and appearance of the negro, including where she scratched his face and tore the shirt he wore, so accurately that the police, to whom report of the horror was made, suspected a negro burglar whom they had in custody, and had arrested on the same evening, after the time of the rape of the pitiful little victim in this case.

The police were conducted by her along the route followed by this negro while she was an enforced passenger in his car, carried to the scene of his attempted but frustrated assault as stated, and finally to the spot in the field where it was consummated. There they found signs of a struggle, and a part of the victim's clothes. There were also signs of a struggle on the side of the road, where the attempt was first made. When the appellant was brought before her, he was at once identified by his victim, and it was seen his shirt was torn, his face was scratched, his clothes matched the ones she had described, and there were blood spots on them. The officers had made a moulage of a shod footprint at the scene, and the heel was peculiarly marked, which, upon comparison with the shoes worn by appellant, matched them as to this peculiarity in the heel.

Appellant signed a complete confession, reduced to writing in the form of questions and answers, and certifying therein that it was free and voluntary. It was taken in what was called in the record ''the investigation room.'' The door was open at all times, men were continuously coming and going, and there was no sinister secrecy involved. This confession corroborated the account of the hapless victim. At the trial, appellant repudiated it and denied his guilt. He said he got the scratches at the ''Gold Coast'' in a fight with a negro girl, whom he did not identify or produce as a witness. He claimed that

armed officers put him in a police car and drove him over into Rankin County for the purpose of extorting the confession from him, which they did by threatening to "do away with" him unless he confessed. This was denied by the officers, each of whom testified that at no time or place were any threats of any kind made to appellant, and that no promises were made to him. Appellant contends that the denials were insufficient to refute appellant's testimony, and that his motion to exclude this confession, which motion was heard and considered in the absence of the jury, should have been sustained. The appellant did not testify on the hearing as to the competency of the confession before the Court, after the jury retired. His testimony as to the duress and threats upon him to induce it was given on the trial of the case on its merits before the jury. Appellant, the night before the rape, had stolen about $1,200 in money from his employer, and the officers testified that they took appellant to Rankin County, seeking the location of the place in the River where he had thrown certain evidence on the burglary charge against him, "a strong box," and stated quite frankly that they discussed the rape case, also, to some extent on the trip, but denied making any promise of reward, or any threats, and said the whole trip lasted only fifteen or twenty minutes. The trial judge ruled that the confession was free and voluntary, and admitted it in evidence.

The appellant assigns two errors here: (1) The admission of the confession, contending the same was obtained by duress, (2) and charges that the evidence outside of the confession was insufficient to convict. He cites the general rule that a confession of guilt by one accused of crime is admissible only when freely and voluntarily made, without the expectation of any promised benefit, or by the fear of any threatened injury, or by the exertion of any improper influences. 22 C. J. S., Criminal Law, Sec. 817, subsec. b, pages 1425, 1426. This text is supported by the following cases, and is the law: Warren v. State, 174 Miss. 63, 164 So. 234; Tyler v. State, 159

Miss. 223, 131 So. 417; Taylor v. State, 158 Miss. 505, 130 So. 502; Fisher v. State, 150 Miss. 206, 116 So. 746; Ashcraft et al. v. State of Tennessee, 322 U. S. 143, 64 S. Ct. 921, 88 L. Ed. 1192; and others. Our attention is also called to the rule announced by us in such cases as Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; Williams v. State, 72 Miss. 117, 16 So. 296; Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L. R. A. (N. S.) 1183. The law was there announced, and we reaffirm it here, that in order to make a confession of guilt by a defendant, charged with crime, admissible against him on the trial, the evidence of such confession must be so strong as to exclude every reasonable doubt that it was procured from the defendant under a threat of punishment, or promise of reward. It must preclude every reasonable doubt that the confession was freely and voluntarily made. Appellant also relies upon the correct pronouncement of the rule in White v. State, 129 Miss. 182, 91 So. 903, 905, 24 A. L. R. 699, as follows: ". . . Confessions induced by fear, though not aroused by spoken threats, are nevertheless involuntary, because the fear which takes away the freedom may arise solely from the conditions and circumstances surrounding the confessor; the circumstances in this case were such as to convince us that the confession was involuntary."

We have very carefully considered all the circumstances, attendant upon the time, place, and method, connected with the making of this confession. The trial judge heard the testimony in the absence of the jury, and seems to have given appellant's contention every consideration demanded by fairness and the governing rules of procedure. We, as stated, have reviewed the evidence and his ruling and our decisions, and see no justification whatever in the record to exclude it, under the pronouncements of the law of Mississippi, and justice, so sedulously therein preserved and maintained.

The Attorney General, however, correctly points out in his brief that the most that can be said about the evidence

concerning the character of the confession, as to being free and voluntary or not, is that it was conflicting. Appellant asserted it was coerced. The officers said it was free and voluntary, made without duress or promise of reward. Too, the details thereof were corroborated by matters dehors the confession. We have repeatedly held that where evidence on the admissibility of a confession is conflicting, this Court will not disturb the trial court's conclusion, unless clearly contrary to the evidence. Stubbs v. State, 148 Miss. 764, 114 So. 827; Buckler v. State, 171 Miss. 353, 157 So. 353; Wohner et al. v. State, 175 Miss. 428, 167 So. 622; Jones v. State, 58 Miss. 349; Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. Rep. 634; Brown v. State, 142 Miss. 335, 107 So. 373; Cooper v. State, 194 Miss. 592, 11 So. (2d) 207; Parker et al. v. State, 194 Miss. 895, 13 So. (2d) 620. Under the proof in this case it is manifest from the record that the trial judge was justified in holding that the confession was freely and voluntarily made, to the exclusion of every reasonable doubt, uninfluenced by threat or promise of reward, or improper circumstances, and we find no error in its admission against appellant. The case of Parker v. State, supra, was appealed to the Supreme Court of the United States, and affirmed in 320 U. S. 705, 64 S. Ct. 69, 88 L. Ed. 413.

In conclusion had the trial court excluded the confession, and the jury convicted the appellant on the evidence in the case, in the absence of the confession, the jury could have reasonably brought in no other verdict than guilty, which verdict such evidence fully warranted. The judgment of the Circuit Court is affirmed and Friday, the 19th day of July, 1946, is set for the date of the execution.

Affirmed.