896

JONES *v.* STATE.

Division A.   Nov. 13, 1950.

No. 37668   (48 So. (2d) 591)

Alexander, Feduccia & Alexander, for appellant.

**J. T. Patterson,** Assistant Attorney General, for appellee.

**Arrington, C.**

The appellant, Odell Jones, was convicted for the crime of grand larceny for the stealing of one Hamilton watch and $10.00 in money, and was sentenced to the penitentiary for a term of two years. Appellant argues (1), that the court erred in admitting evidence of other crimes; (2) that the court erred in admitting the confession; and (3) that the court erred in refusing a requested instruction by the appellant.

There is no merit in the argument that proof of other crimes was admitted in evidence. Although the two State witnesses, Joe Blair and John E. Brooks, were evasive and reluctant to testify and their testimony conflicted in minor details, still it presented a question for the jury. The evidence on the part of the State was that Clinton Paige, the prosecution witness, on the date his watch was stolen, paid John E. Brooks the sum of $25 to get his watch. Brooks testified that he got the watch from Joe Blair. Joe Blair testified that he got the watch from the appellant, Odell Jones. As to their testimony, the jury could accept parts and reject parts as was their province.

As to the second assignment of error, the appellant contends that the confession was not free and voluntary and should not have been admitted in evidence for the reason that the appellant was drunk or drinking; that he was induced to make the confession by Mr. W. C. Dempsey, the city marshal and deputy sheriff, who arrested him, and that he admitted stealing the watch and money for the reason that Mrs. Vivian Simmons, daughter of his employer, advised him to agree to anything the officers said. The court held a preliminary inquiry as to the competency of the confession in the absence of the jury. Mr. W. C. Dempsey, the officer, testified that the confession was free and voluntary; that there was no use of force, threats, promise of leniency, or hope of reward. Upon cross examination, he was asked the following question:

"Did you tell him anything to the effect that it would be best for him to go on and tell it? A. Well, I don't remember that I did. If I did, I don't remember, Mr. Alexander.

"Q. You are not certain whether you advised him that that would be the best thing for him to do,—go on and own up to it. A. No, sir. If I did, I don't remember anything about it."

The appellant, Odell Jones, testified in the absence of the jury, as to the admissibility of the confession, that he was not drunk and that the reason he confessed to Mr. Dempsey and the reason he signed the written confession was because Mrs. Vivian Simmons told him to go ahead and do what they said to do. He did not contend in his testimony that he was induced by the officer Dempsey to make the statement, and further testified that the officer said nothing to him out of the way. Mrs. Vivian Simmons also testified that when the appellant told her that he thought Mr. Dempsey was going to arrest him, she advised him to agree to whatever they said.

Appellant cites a number of cases to show that the confession was not free and voluntary, among them being the case of Mitchell v. State, Miss., 24 So. 312. In this case, the sheriff testified that he did not recollect whether he told the defendant that it would be best for him to make his statement or not, and that he might have done so, and the other person present at the time testified that the sheriff did tell the defendant it would make it better for him to tell all about it. The court held in this case that the confession should have been excluded, as it was not free and voluntary. In the instant case the appellant testifying in the absence of the jury did not claim that Mr. Dempsey told him it would be best to tell the truth about it. Further, there was no witness who testified that the officer did tell him it would be best for him to tell it. In view of the appellant's testimony, this case and the others cited are not applicable.

The other contention of appellant was that the confession was not free and voluntary for the reason that Mrs. Vivian Simmons advised him to agree to anything the officer said. It was shown that Mrs. Simmons worked with her father in the transfer business, and that the appellant was an employee, and it is argued that for this reason the confession was involuntary. In Jones v. State, 58 Miss. 349, the Court distinguished between inducements held out by private persons and persons in

authority. In this case the Court said: "A distinction between inducements held out by persons in authority and mere private persons seems now to be firmly settled. . . . The admissibility of the confession in this case must therefore be tried by the same rule as if the inducements to confess were held out by a mere private person, not having, nor assuming to have, any power over the prosecution. There is some difference in the authorities as to the effect of inducements held out by merely private persons on the admissibility of confessions thus obtained. The better rule seems now to be, that confessions made in consequence of inducements held out by persons in authority ought to be excluded on grounds of public policy, and that in all such cases the law will conclusively presume that the mind of the prisoner was influenced by them. But ██ █ inducements held out by private persons, who have interfered without any kind of authority and promised without the means of performance, are not presumed to have the effect to induce a false confession. But they may have such effect, owing to the position of the person holding out the inducements or the weakness of the prisoner. In cases of confessions made to such persons, the question of their freedom or the contrary is a mixed question of law and fact, and should be submitted to the judge. He should admit or exclude them according as he shall determine, from all the circumstances of the case, that they are voluntary, or that the inducements held out were sufficient to overcome the mind of the prisoner. 1 Greenl. on Ev., sect. 223.

"This rule had the implied sanction of the High Court of Errors and Appeals, in Simon v. The State, 36 Miss. 636. In this case the judge held that the confessions were voluntary, and his judgment was well warranted by the circumstances."

This Court has repeatedly held that when the evidence is conflicting on the admissibility of a confession, the

Court will not disturb the trial court's finding unless it appears clearly contrary to the evidence. Stubbs v. State, 148 Miss. 764, 114 So. 827; Buckler v. State, 171 Miss. 353, 157 So. 353; Wohner v. State, 175 Miss. 428, 167 So. 622; Jones v. State, supra; Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. Rep. 634; Brown v. State, 142 Miss. 335, 107 So. 373; Cooper v. State, 194 Miss. 592, 11 So. (2d) 207; Parker v. State, 194 Miss. 895, 13 So. (2d) 620. Under the proof in this case the trial judge was justified in holding that the confession was free and voluntary.

The appellant also argues that the court erred in refusing the following instruction requested by appellant: "The court instructs the jury that if you believe from the evidence that the alleged admission and confession was induced by the alleged statement of Mrs. Vivian Simmons to defendant and that defendant made such statements under fear of violence, or under the belief if he confessed he would be freed or that lenience would be shown him, then you should disregard the alleged admission and confession." ▌ ▌ The refusal of this instruction was not error as the appellant did not testify before the jury on the merits of the case, and there was no evidence upon which to base this instruction.

There was ample evidence in this case to support the jury's verdict.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.

**Kyle, J.**, took no part in the consideration and decision of this case.