JONES, Justice:
Appellant was convicted of manslaughter in the Circuit Court of Leflore County and appeals here. We affirm.
Appellant and one Nellie Arlene Hurt were jointly indicted for murder because of the shooting of a small child, Maurice Hurt. A severance was granted.
Appellant and his coindictee became involved in a shooting, each firing at the other. More than one shot was fired by each. The occurrence was in and about the house. There was proof that the shots fired by Nellie Arlene Hurt were from a door of the house outward, and that the children, including Maurice, were behind her when the shots were fired, while shots by appellant were in the house. The child was shot in the chest.
There are three assignments of error, one as to the weight of the evidence. *347 The evidence was sufficient to support the verdict.
One assignment involved the introduction of pictures of the dead child. Objection was made to their introduction, whereupon the court stated:
It is the opinion of the Court that the pictures in question as offered — one of the front and one of the rear of the body of the deceased — have certain probative value and touch upon relevant issues in this case now before the jury and their prejudicial effect, if anything, is outweighed by their probative value. Therefore the objection is denied.
We find no abuse of discretion. Irving v. State, 228 So.2d 266 (Miss.1969) ; May v. State, 199 So.2d 635 (Miss.1967).
The third assignment of error was based upon a claimed failure of the State to furnish the names of all witnesses to be called by it. Without deciding here what is the law of Mississippi as to witnesses rather than material things in possession of the State, we cite the following facts as shown by the record.
The killing was on August 23, 1971. On August 24, 1971, the mother of appellant retained the attorneys of North Mississippi Rural Legal Services (which included the attorneys here involved) to represent her son. He was indicted November 4, 1971. Motion for special venire was sustained and drawn November 15, 1971, and the case was set for November 23, 1971.
On November 9, a motion styled “Motion for Production and Inspection” was filed asking for certain matters and the names and addresses of all witnesses to be used on the trial.
The only issue raised here pertains to the names of witnesses to be used.
On November 23, defendant filed another motion similar to the first. This motion stated that on November 15, 1971, the assistant district attorney gave an attorney for the defendant the names of five witnesses.
In response to this affidavit the assistant district attorney filed an affidavit that on November 15, 1971, he gave to one of defendant’s attorneys the names of fifteen witnesses to be used.
The State used eight witnesses, the names of all eight being included in the fifteen above mentioned.
On November 23, the following occurred, as shown by the record:
MOTION IN CHAMBERS BY DEFENDANT PRIOR TO BEGINNING OF TRIAL:
BY THE COURT:
Let the record show that this morning, at or about 9:00 A.M., the court inquired of the State and the Defense as to whether or not they were ready for trial in this particular case. They both announced ready for trial. Shortly thereafter, the defendant, by and through his attorneys, indicated to the court that the defendant had certain motions which he wished to file. The court directed that the motions be filed and said motions were filed shortly thereafter. The motions are as follows:
(1) Motion to continue on the ground that the jury instructions of the State were not filed twenty-four (24) hours prior to the beginning of said trial;
(2) Motion to Continue on the ground that certain witnesses who might be used by the State were not revealed to the defense by name in reference to his motions requesting such; said motions having been answered by the state on or about November 15, 1971;
(3) Motion, which states, in effect, that the State has produced the names of other witnesses and that the State tendered the names of said witnesses to the defendant’s attorneys just imme *348 diately prior to trial of this cause. There is further filed in the record of this cause an answer made by the state as to the names of the witnesses tendered to the defendant. There are affidavits in support of one of said motions of the defense and an affidavit on behalf of the state in support of its answer to said motions by the defense—
BY THE COURT:
Well, gentlemen, the court is in this position, these motions were filed after both the state and defense announced ready for trial and after a Special Ve-nire has been summoned and a trial jury selected therefrom. It is now after 7:00 o’clock P.M. The court feels that no prejudice has been shown and the first motion filed is Denied.
Now, as to the second motion, the court is in this position, to stop the trial and continue this case or go ahead and see if the defense cannot interview the witnesses not revealed to them previously and then proceed with the trial of this cause.
BY MR. LIPMAN:
Your Honor, we further object on the ground that some of the witnesses that the state planned to call were the same witnesses we were going to call and we object to that.
BY THE COURT:
Now, Mr. Lipman, frankly, I don’t understand, if you called the witnesses or planned to, what in the world prevented you from interviewing them previously?
BY MR. LIPMAN:
Well, Your Honor, we just object to the state calling the witnesses.
BY THE COURT:
Counsel, that objection is OVERRULED.
BY MR. LIPMAN:
Your Honor, we take exception to the fact that the State did not reveal to us by name the witnesses which were requested in our motion.
BY THE COURT:
Let me ask this, what kind of prejudice would you suffer if you talked to these witnesses this evening or before beginning of the testimony in the morning?
MR. WALLS: Your Honor, we still object to it—
MR. LIPMAN: Yes, Your Honor, we object to it as stated in our motion and as outlined in our arguments before the court.
BY THE COURT: All right, gentlemen, as to the motion filed in regard to the disclosure of names of witnesses by the state to the defense, there are at present on file in this cause affidavits and counter-affidavits, and the witnesses which have been summoned and which are now the subjects of said motion are as follows:
Frank Little;
Bobbie Harris;
Curtis Lary;
Elizabeth Capíes;
Jerry Carver.
It is now after 7:30 P.M. and the court is going to be in recess until tomorrow morning at 9:00 A.M., November 24, 1971. The attorneys for the defense are directed to talk to each of these witnesses between now and in the morning at 9:00 A.M. and to report to the court at that time as to whether or not they have had opportunity to talk to these witnesses and to satisfy themselves as to any possible prejudice to the defendant. It is certainly the opinion of this court that the defendant’s attorneys should have ample opportunity to interview any witnesses which the state proposes to use prior to beginning of testimony in this *349 cause. The court will, therefore, make such- other orders and decisions in this matter upon receipt of said report from defense counsel on tomorrow morning,
BY THE COURT:
All right, gentlemen, the hour is late and the ruling of the court is:
That the motions filed after announcing ready for trial come too late; that counsel had an opportunity to talk to all of said witnesses during the selection of the jury or had someone who could assist in this matter in the courtroom who was available and competent to assist in same; counsel has been employed in this case since August of 1971 and has ample time to investigate the case and interview witnesses and the police officers and . . . the court feels that by tomorrow morning, counsel should have ample opportunity to talk to the witnesses as previously named and will have the opportunity to report the outcome of such investigation and interviews to the court before testimony is started in this case.
The record further shows :
November 24, 1971: BY THE COURT: Counsel for the defense having now reported to the court, all MOTIONS ARE DENIED.
The trial was completed on November 24, 1971. On the same day a motion for a new trial was filed. In said motion for a new trial no mention was made of the alleged failure to furnish names of witnesses and no prejudice because of such alleged failure was asserted.
The motion for new trial remained on file and on December 2, 1971, was argued and overruled.
No testimony, affidavits or assertions indicating prejudice was offered as to the alleged failure to furnish names of witnesses, although the order was entered after arguments.
The court had a motion before it and conflicting affidavits to pass upon. One affidavit showed the furnishing of the names; the other denied same.
As shown by the record, the defense was given until the next morning to interview the witnesses and to report thereasto. The record does not show the contents of the report. Evidently, it was made orally, but immediately thereafter, as shown by the part of the record heretofore quoted, the court stated that all motions were denied. The presumption from.this would be that the report justified the overruling of the motion and the trial of the case. As far as the record shows (and it would be so presumed), the report authorized and justified the court in proceeding.
The court had the right to believe from the affidavits mentioned and the report showing no failure to interview as had been directed by the court that the names had been obtained or interviews had or that the issue was waived.
Also, the defense had a week after the trial to pursue the issue of prejudice — none has been alleged or shown, although the court made inquiry as to same.
We hold that the issue was waived; that there was no prejudice; and that the error, if such it were, was harmless and induced by the defendant’s failure to show no interview. Further, the action of the court in effect was a holding that the names had been furnished as sworn to by the assistant district attorney.
Affirmed.
GILLESPIE, C. J., and SMITH, SUGG, and BROOM, JJ., concur.