285 So.2d 889 (1973)
W.F. HARRISON
v.
STATE of Mississippi.
No. 47501.
Supreme Court of Mississippi.
November 26, 1973.
Rehearing Denied December 17, 1973.
Daniel P. Self, Jr., Robert W. Bailey, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Indicted for the murder of Walter McMullan, defendant was tried in the Circuit Court of Lauderdale County, found guilty and sentenced to life imprisonment. The sole question is whether defendant's confession was voluntary.
After defendant was arrested in Alabama and removed to Meridian in Lauderdale County, a deputy sheriff read the Miranda warning to him from a written statement which defendant signed. He later signed at approximately 3:40 a.m., on September 6, a typed statement denying any involvement in the murder. At this time the questioning ceased.
On September 7, 1972, defendant was brought from his cell to an office in the Lauderdale County jail and questioned by Sheriff Stevens of Sumter County, Alabama. Sheriff Stevens and the defendant had known each other for some years. Stevens and defendant went into a private office alone, and Sheriff Stevens advised defendant of his rights and questioned him about the murder. At this time defendant gave an oral confession of his part in the murder. After defendant had given his oral confession, he asked Sheriff Stevens if the local authorities would set bond. Stevens advised defendant that he was not familiar with the procedure of setting bond *890 in Mississippi and he would have to talk to the judge or the district attorney. Stevens told defendant he was satisfied that they would set some kind of bond but he did not know what kind.
Stevens then called Deputy Sheriff Mike Nichols of Lauderdale County, Mississippi, into the office and told him that defendant wanted to know if he would set bond for him. Nichols told defendant that he did not have the authority to set a bond. He also informed defendant that he would have to talk to the judge and the district attorney and that he did not know whether or not they would set bond. Thereafter the defendant took the officers into a wooded area south of Meridian, Mississippi, and showed them where he had hidden the gun used in the murder.
After the defendant was returned to the Lauderdale County jail, he went back to his cell for a period of time and was later taken to the sheriff's office where he signed another waiver of his rights at 9:28 p.m., on September 7. After he signed the waiver of rights and over a period of about three-quarters of an hour, he gave a statement which was written down by a secretary and thereafter typed. The secretary who typed the statement gave defendant a copy and told him to follow along as she read it and to correct any incorrect statements. After this was done, the statement was signed about midnight.
The defendant testified at the preliminary hearing to determine the admissibility of the confession and stated that he had purchased whiskey while in the jail, together with some drugs, and was in a drunken state at the time he signed the waiver of his rights and the confession. This testimony, however, is contradicted by several state witnesses who testified that when defendant was questioned and when he signed his confession he appeared normal and without any indication of being under the influence of drugs.
All of the foregoing testimony concerning the admissibility of the evidence was heard outside the presence of the jury. The circuit judge then held that the State had met the burden of proving beyond a reasonable doubt that the confession was freely and voluntarily given and that the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were properly given.
It is contended that defendant's confession was involuntary because he was uneducated and could not read or write. The proof showed that defendant went through the seventh grade in school, but he denies he made passing grades. According to his testimony and that of some of his witnesses, he was unable to read. We are of the opinion that this is not sufficient to invalidate the confession. His testimony does not indicate that he is of such low intelligence that he could not understand what he was saying or signing. In our opinion, defendant does not have as strong a case in this respect as was presented to the Court in Stewart v. State, 273 So.2d 167 (Miss. 1973), wherein this Court stated:
The principal argument addressed to the contention that the statement was inadmissible, is based upon the proposition that she was incapable of intelligently waiving her rights because she had only a second grade education. There was no evidence, however, that she was lacking in intelligence or mentally retarded. She testified as a witness in her own defense as well as on the hearing with respect to the statement. Her testimony, as reflected by the record, does not indicate a lack or impairment of understanding. And while she said that she could not read and had not understood what she was signing, there was testimony that the statement had been read to her before she had signed it. 273 So.2d at 168.
The principal argument made by defendant on the question of the voluntariness of the confession involves the discussion *891 of a bail bond. Defendant argues that the promise of a bond induced his involuntary confession. The proof does not bear out this contention, because defendant had confessed orally to Sheriff Stevens before the question of the bond was raised. Sheriff Stevens stated that he did not know what the Mississippi requirements of a bond were. He then called in Deputy Mike Nichols, who told defendant that the district attorney and the judge would have to fix bond and that he did not know whether or not bond would be set. Sheriff Stevens stated to the defendant before Deputy Nichols was called in that he, Stevens, thought they would set some kind of bond but he did not know what kind of bond it would be. Moreover, defendant did not testify that he confessed because of the inducement of being offered bail. In fact, he denied that he confessed. He admitted signing a paper but claims he did not know its contents.
This Court has repeatedly held that when the evidence is conflicting on the admissibility of a confession, we will not disturb the trial court's finding unless it appears clearly contrary to the overwhelming weight of the evidence. Jones v. State, 209 Miss. 896, 48 So.2d 591 (1950).
A careful review of the entire record reveals that the trial court made every effort to vouchsafe the constitutional rights of the defendant and his rulings were clearly favorable to the defendant. We are of the opinion that the question of the voluntariness of the confession, including whether the defendant was adequately advised of his rights under the Miranda rule, was one for the trial court and that the evidence amply supports his ruling.
Affirmed.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.