288 So.2d 833 (1974)
Wilson JONES
v.
STATE of Mississippi.
No. 47613.
Supreme Court of Mississippi.
January 28, 1974.
A.S. Scott, Jr., Laurel, for appellant.
A.F. Summer, Atty. Gen., by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Wilson Jones was indicted, tried and convicted in the Circuit Court of Jasper County for the murder of his wife. He was sentenced to serve a life term in the State Penitentiary. From this conviction and sentence he appeals. We affirm.
This is an unusual case in some repects. The facts as stated in appellant's brief are as follows:
"The appellant shot and killed his wife, and the mother of his three children. This was in cold blood. Then he picked up his paramour and left the Paulding area for his job of work at a textile mill in Stonewall, Mississippi.
"He was scheduled to report for work shortly before midnight and was preparing to enter the plant when he was arrested by the Clarke County Sheriff.
"This sheriff had been alerted by the Jasper County Sheriff's office to be on the look out for appellant.
"Almost as soon as he was arrested, the sheriff of Jasper County arrived on the scene; he took appellant into his custody.
"On being asked if he had killed his wife, the appellant denied doing so. But within approximately thirty minutes, on the return trip to Jasper, he confessed his total involvement. This confession was made to Tom Green, Sheriff of Jasper County.
*834 "Then before the night was over, the appellant told everyone who asked him what he had done. He had used a shot gun and discarded it before picking up his doxy to take her to work. He recovered this for the sheriff.
"All witnesses testified that the appellant appeared perfectly normal during his confessions. Included in this array were various deputies and one man who now serves as the Mayor of Bay Springs.
"The defense drew a line on this sort of testimony. We question whether a person can do this sort of thing and then appear perfectly normal unless he is mad.
"The only explanation the appellant could offer was that he was under a spell, a hex; he said he had been voodooed.
"We took Parsons v. State, an old Alabama case involving the same thing and went to trial.
"There were ten members of the Negro race on the jury. They convicted appellant. He was sentenced to the penitentiary for the remainder of his life."
Appellant's assignment of error is as follows:
1. The rule in M'Naghten is archaic and the fiction that Mississippi in truth adopts this rule should be disabused.
2. The lower court did err when it failed to require the prosecution to overcome the reasonable doubt created of the defendant's guilt.
3. Rule 14 of the Uniform Circuit Court Rules is not constitutional.
Appellant's first assignment of error is in reality not an assignment of error. Appellant does not charge that the trial court committed any error in regard to the instruction granted on the issue of insanity. Appellant admits that what he is striving for under this assignment is an opinion of this Court abandoning the M'Naghten rule, or at least to follow what he contends is the true M'Naghten rule. If we were disposed to abandon the M'Naghten rule, which we are not at the present time, appellant has furnished us with a very unsatisfactory set of facts upon which to travel. The only proof relative to any insanity on the part of appellant was his own testimony. He testified that a spell came upon him on the night that he killed his wife. He said he knew it was wrong to kill his wife but he could not resist the power that told him to do so. He also testified that he did not know right from wrong when he killed her. He thought someone unknown had voodooed him and cast this spell upon him. While he said he believed in voodooism, he had scant knowledge of it. He had not been taught anything about it and had attended no meetings where the art was practiced. He had only heard it talked about in the community. The question immediately arises was this alleged spell the product of a mental disorder or was it the product of something else, perhaps ignorance or superstition. He does not contend that he ever suffered from a mental disorder prior to the night that he killed his wife and said that the spell that he was under was completely lifted three days later when he vomited some strange substance that resembled hair. Since then apparently he has been normal. Counsel for appellant seems to conclude that a sane person would not sneak up to a window in the nighttime and shoot his wife with a shotgun in the presence of his children. While there is no doubt that it takes a person with a depraved mind to commit such an act, the fact remains that there are people of this character who are not medically or legally insane. Under this factual situation we doubt that this Court or any other court could adopt a rule that would lead an impartial jury to absolve appellant of his crime. Furthermore, we reexamined the M'Naghten rule in Harvey v. State, 207 So.2d 108 (Miss. 1968), and concluded that for the time being that the safe course was to continue to submit the question of criminal responsibility on the issue of insanity *835 to the jury by the M'Naghten Rule. While the writer of that opinion and the writer of this opinion personally are inclined to favor the modern trend and feel that some additional criteria should be added to the M'Naghten Rule, as yet, we have not found the acceptable solution for a better test.
Appellant asserts in the second assignment of error that this case must be reversed because the trial court failed to require the prosecution to overcome the reasonable doubt created on the defendant's sanity. Assuming, but not deciding, that appellant's testimony was sufficient to raise the reasonable doubt of his sanity, the trial court in passing on this question pointed out that the defendant pled not guilty by reason of temporary insanity. After this plea the state in developing its case, rebutted insanity by showing by its witnesses appellant acted in a normal manner after he was arrested and his actions were the same as they had been before the murder. It is true that the only witness offered in rebuttal was appellant's girlfriend. She testified that she had been his girlfriend for six years and that appellant picked her up on the night after he had killed his wife and that he appeared to be the same then as always. The issue of temporary insanity was submitted to the jury under proper instructions and the jury found that appellant was not temporarily insane when he murdered his wife. We thoroughly discussed the issue raised by this assignment of error in the very recent case of Herron v. State, Miss., 287 So.2d 759, decided January 7, 1974, and deem it unnecessary to repeat here what was said in that case.
We will not discuss the third assignment of error for the reason that counsel for appellant correctly concedes that appellant is not in a position to raise the question of whether Rule 14 of the Uniform Circuit Court Rules is constitutional since he complied with the rule in the trial court.
After a careful review of the record in this case, we find it remarkably free from error, the trial court afforded appellant every consideration and was careful to protect his rights. Counsel for appellant admits that appellant received a fair trial. In fact he states in his brief that there was simply not a dime's worth of error in the trial court's reception of this case.
There being no error in the trial of this case, it must be affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, WALKER and BROOM, JJ., concur.