This appeal arises from the Circuit Court of Clay County. There Laura Mae Bean was convicted of manslaughter and sentenced to twenty years in the state penitentiary.
She contends for reversal that the trial court erred by not admitting into evidence testimony concerning a mental lapse incurred by a witness which was similar to those suffered by the appellant and that the verdict of the jury was against the weight of the evidence.
The record discloses that the appellant shot and killed her fiance without motive or reason. The only argument for exoneration is that immediately after the shot was fired, the appellant was stricken by an "epileptic" or similar "seizure" and regained consciousness sometime later after being incarcerated. Her defense is that she has no recollection of the occasion and, this being true, it follows that she did not have the mentality to realize and appreciate the nature and consequences of her act at the time of its commission.
In Eatman v. State, 169 Miss. 295, 153 So. 381 (1934), the test for criminal responsibility is stated:
 In this state . . . the rule of law is that the test of criminal responsibility is the ability of the accused, at the time he committed the act, to realize and appreciate the nature and quality thereof — his ability to distinguish right and wrong. (169 Miss. at 299, 153 So. at 381)
This rule remains applicable. Myrick v. State, 290 So.2d 259
(Miss. 1974); Jones v. State, 288 So.2d 833 (Miss. 1974).
We are of the opinion the lower court correctly refused the testimony of Troy Chandler relating to his "seizures" since there was no indication that his illness was of the same type as that suffered by the appellant. The proffered testimony was therefore irrelevant to the issue of mental capacity of the appellant.
Moreover, a physical and mental examination of the appellant resulted in the conclusion by the staff of the Mississippi State Hospital that she was not epileptic, suffered no psychosis, and was able to discern right from wrong.
The foregoing conclusions contrast sharply with the uncontroverted fact that appellant had on previous occasions, and immediately after the shooting, suffered a "seizure" from an undiagnosed cause. However, we are of the opinion these facts presented an issue for decision by a jury. The testimony of the state's witnesses supports a conclusion by the jury that the "seizure" suffered by the appellant on the occasion had its inception after, and not before, the fatal shot was fired.
We conclude, as we think we must, there was ample evidence to support the jury's verdict.
Affirmed.
RODGERS, P.J., and INZER, SUGG and WALKER, JJ., concur. *Page 905