PATTERSON, Justice:
This appeal is from a judgment of the Circuit Court of Walthall County which sentenced Otis Washington, Jr., to five years in the state penitentiary following his conviction for grand larceny.
We have considered the assignments of error and are of the opinion they do not raise serious questions of prejudicial error except that directed to the appellant’s mental condition. The testimony of the appellant placed the issue of sanity before the jury. The state offered rebuttal evidence to that of the appellant by its witnesses who testified that in their opinion the accused knew, or was able to ascertain, the difference between right and wrong. This evidence, believed by the jury, was sufficient to hold the appellant accountable for his criminal act. Bean v. State, 297 So.2d 903 (Miss.1974); Myrick v. State, 290 So.2d 259 (Miss.1974); Jones v. State, 288 So.2d 833 (Miss.1974), and Eatman v. State, 169 Miss. 295, 153 So. 381 (1934).
The district attorney, on cross-examining the accused, established a predicate to later impeach his testimony by asking him whether he had ever worked for or was acquainted with Mr. R. R. Herring, to which he replied: “No sir, I ain’t never worked for him,” and “No sir, I don’t know him, I don’t know him.”
Thereafter Herring testified for the state that approximately a year and a half earlier the defendant had been employed by him over a period of six to eight weeks and from his daily observations during this time it was his opinion that the appellant knew the difference between right and wrong.
This evidence by Herring had the likely effect of rebutting the previous testimony of the defendant concerning his sanity. It also directly impeached the testimony of the appellant that he was unacquainted with and had not worked for Herring.
The testimony of the sheiriff and his deputy directed to the mental condition of the accused was in no way as positive as that of Herring. The overall record portrays the appellant as being an unfortunate epileptic who had been in and out of penitentiaries and mental institutions for a great portion of his life. The issue of the appellant’s mental capacity was the dominant theme of the case. It was squarely before the jury for resolution from conflicting evidence. The jury’s determination, therefore, could have been, and probably was, influenced by the testimony of Herring.
The motion for a new trial subsequent to the appellant’s conviction was supported by an affidavit of Herring. It unequivocally declares that the affiant had mistakenly identified the accused, Otis Washington, as his former employee when in fact such employee was another person by the name of Roach Washington. It also makes clear that the affiant was not acquainted with the accused and had no knowledge of his mental condition.
Of course, the jury that convicted Otis Washington was unaware of the witness’s retraction of his former testimony which had been based upon mistaken identity. It is quite probable that the testimony of Herring was relied upon not only in the jury’s deliberation on the question of sanity, but also as to the truthfulness of the accused’s testimony. Under these facts, which are unchallenged, we are of the opinion that the jury’s consideration of the mistaken evidence was sufficient, when called to the at *192 tention of the trial court, to have directed a new trial. We think that the due process of law, a fair trial, requires nothing less.
Reversed and remanded for a new trial.
RODGERS, P. J., and INZER, WALKER and BROOM, JJ., concur.