328 So.2d 328 (1976)
Bernard CURRY
v.
STATE of Mississippi.
No. 48859.
Supreme Court of Mississippi.
March 16, 1976.
Joseph H. Benvenutti, Bay St. Louis, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and ROBERTSON and SUGG, JJ.
PATTERSON, Presiding Justice:
Bernard Curry was tried and convicted in the Circuit Court of Hancock County for murder. From this conviction and sentence to life in the state penitentiary he appeals. We affirm.
Forrest Summers was shot and killed in his grocery store in Pearlington, Mississippi, at 8:30 a.m. on August 31, 1973. The shot was fired in an attempted robbery by a man who wore a mask. None of the witnesses could identify the face of the murderer who escaped after the killing.
Mrs. Eldora Summers, wife of Forrest Summers, testified that the afternoon before her husband was shot a man whom she later identified as Bernard Curry came into the store. She also testified that the man who ran out of the store after the shooting had the same build and height as Bernard Curry.
*329 Two witnesses placed Curry in Slidell, Louisiana, not too far distant from Pearlington, at 7:30 a.m. on August 31, 1973. At that time he occupied a car with Alfred Thomas who was later named an accomplice by Curry in his confession of the crime.
On January 22, 1974, Willie Lee, a part-time deputy sheriff of Hancock County, was transporting a truckload of junk-scrap to New Orleans, Louisiana, for sale. At the Louisiana-Mississippi border he stopped his truck and picked up a hitchhiker who later introduced himself as "Wild Man Curry." Curry told Lee that he was "hot" and that he had "knocked a guy off."
He accompanied Lee into the city of New Orleans where the two made arrangements to meet about an hour later in a junkyard where Curry had requested to be taken.
During the trip Deputy Lee recalled Summers' death by gunshot some several months before. As soon as Curry departed the truck, Lee hastened to a phone and called the Sheriff's Office in Hancock County and they notified the Police Department of the City of New Orleans of Curry's presence. Four police officers of the city thereafter arrested Curry as a felony fugitive from the State of Mississippi.
Curry was informed of his Miranda rights at the time of the arrest and later driven to the New Orleans Police Station. There he signed a waiver of his constitutional rights and told the officers that he and Alfred Thomas had met early on the morning of August 31 and had driven to Pearlington, Mississippi. He told them that he had walked into the Summers store, drawn a.38-caliber revolver, and shot Summers when the latter advanced on him during the robbery. Thereafter he ran from the store and fled the scene in an automobile with Alfred Thomas who had been parked nearby.
The appellant presently contends for reversal that the confession should not have been permitted in evidence by the trial court. Three of the four New Orleans police officers who were present at the time of the confession testified at the trial. The absence of the other was explained by his presence in San Francisco, California, attending another trial. Each of the three officers testified there were no threats, coercion or offer of reward made or offered to the defendant to obtain the confession. Their testimony was that it was freely and voluntarily made. In Jones v. State, 209 Miss. 896, 48 So.2d 591 (1950), this Court held:
... When evidence is conflicting on the admissibility of a confession, the Court will not disturb the trial court's finding unless it appears clearly contrary to the evidence. (209 Miss. at 900-901, 48 So.2d at 593).
See also Agee v. State, 185 So.2d 671 (Miss. 1966); and Ivey v. State, 246 Miss. 117, 149 So.2d 520 (1963).
The trial court's finding on the voluntariness of the confession, in our opinion, was in accord with the great weight of the evidence and since this is so, we cannot state that it clearly appears to be contrary to the evidence. We conclude that the confession was a proper part of the state's evidence.
The argument is advanced, however, that the trial court erroneously permitted it in evidence because in ruling on the voluntariness of the confession the trial judge referred to and relied upon the testimony of Deputy Willie Lee in reaching his conclusion. This argument is buttressed by the fact that Deputy Lee was not present when the confession was made. However, our review of the trial judge's discourse indicates that the judge had reference to Curry's propensity toward confession as revealed by his conversation with Deputy *330 Lee while they were enroute to New Orleans. Moreover, in his ruling the trial judge also referred to the testimony of the New Orleans officers, clearly indicating, we think, that his ultimate finding of voluntariness was not restricted to the sole testimony of Deputy Lee. It is our conclusion, therefore, that the trial judge's reference to Lee did not discredit the confession.
The appellant next contends that a picture of Summers' body should not have been admitted into evidence since the coroner's report on the cause and fact of Summers' death was stipulated and hence the picture served no useful purpose and had the likelihood of prejudicing the jury. We are of the opinion the introduction of the photograph was within the sound judicial discretion of the trial judge. Crosby v. State, 270 So.2d 346 (Miss. 1972). We agree that the photograph under the circumstances of this case served no useful purpose, but on the other hand, it is our opinion that no prejudice emanated from its introduction since it does not appear inordinately gruesome and would not appear so to an adult jury acquainted with the norms of life and death.
The final argument for reversal is that the district attorney in his closing argument improperly commented upon the defendant's possession of a Bible during the trial. The incident arose when the district attorney commented on the action of the defendant in holding and fondling a Bible by stating to the jury that the Bible also says "Thou shall not kill." The defendant's objection was overruled.
In Stewart v. State, 263 So.2d 754 (Miss. 1972), we held that in a criminal case the state's attorney should be careful not to indulge in personal abuse or vilification of the defendant. We repeat this pronouncement because it reminds that convictions are to rest upon evidence rather than persuasive summation of attorneys. We are of the opinion the referenced comment was not prejudical since the great likelihood existed that the jury was familiar with the quotation from Holy Writ and was at most merely reminded of that which it already knew. Overall we do not think the comment prejudiced the appellant.
Our review of the record reveals no error in the trial prejudicial to the defendant. He was afforded a fair trial, in open court, and was convicted from competent evidence, necessitating the cause to be affirmed.
AFFIRMED.
GILLESPIE, C.J., INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.