SMITH, Presiding Justice,
for the Court:
Eugene Hogan was tried in the Circuit Court of Warren County upon an indictment charging him with the murder of Mildred Washington, a woman with whom he had lived for some twelve years, although they had never married, and by whom he had four children. He was convicted and sentenced to life imprisonment.
The defense was the alleged insanity of Hogan at the time of the homicide.
It appears from the evidence that at some time prior to the date on which he killed Mildred Washington, she had left Hogan and their children and had moved in with another man, refusing Hogan’s request that she return to him. On the day of the homicide, Hogan had telephoned her at the Headstart Center where she was employed. Hogan’s testimony was to the effect that he had made the call seeking a reconciliation, but witnesses at Headstart Center who heard the other end of the conversation, testified that Washington’s only remark was that she was not going to sign anything. Shortly thereafter, Hogan came to Headstart Center, carrying a coat which belonged to Washington. He testified that his purpose in bringing the coat to Washington had been to give him an opportunity to persuade her to return to him.
*1090 When Hogan arrived at Headstart Center, he walked directly to the kitchen area where Washington worked. At the door of the kitchen, and from a distance of about two feet saying “You son-of-a-bitch take this,” he shot Washington three or four times. As he stood over her as she lay dead or dying he shot her twice more.
Hogan left the center, got in his automobile and drove away. He testified that he remembered nothing about the actual shooting and said that it was not until after he had driven a few blocks that he realized that he had killed Washington. Whereupon, he said, he drove to the police station and surrendered, informing the police that he had just killed Washington.
On appeal it is contended in Hogan’s behalf that his testimony that he remembered nothing of the killing, saying “I didn’t realize I had killed Mildred, sir, until I got up on Washington Street and I had a gun in my hand,” was sufficient to put in issue the question of Hogan’s sanity at the time of the shooting. It is argued that this testimony, plus Hogan’s unsupported assertion that he had experienced “blackouts” before, was sufficient to place upon the State the burden of proving beyond a reasonable doubt that, when he killed Washington, Hogan had been capable of distinguishing between right and wrong and of appreciating the nature and consequences of his act. There was no denial on Hogan’s part that he recalled the circumstances leading up to the killing, as well as those which followed, with the exception of the short time which elapsed between his departure from Head-start Center and his reaching Washington Street.
The police officer to whom Hogan surrendered following the killing, testified that Hogan came in, gave him the pistol and informed the officer that he had just killed Washington. There was also testimony from Hogan’s employer that he had observed Hogan on the day before and on the day after the homicide and that on those occasions there had been nothing in Hogan’s behavior to indicate that he was insane or incapable of knowing right from wrong. It was the opinion of this witness that Hogan was capable of knowing right from wrong and of appreciating the consequences of his acts. Other witnesses testified to Hogan’s conduct before, at the time of, and after the homicide. Taking all of the evidence as a whole, together with all reasonable inferences which the jury was justified in drawing from it, we have concluded that it was sufficient to support a finding on the part of the jury that Hogan’s action in going to Headstart Center, armed with a pistol, was for the premeditated purpose of shooting Washington and that he had done so because she had deserted him for another man and had refused to return to him.
This case, in its material aspects, is similar to Jones v. State, 288 So.2d 833 (Miss.1974), in which this Court said:
Assuming but not deciding, that appellant’s testimony was sufficient to raise the reasonable doubt of his sanity, the trial court in passing on this question pointed out that the defendant pled not guilty by reason of temporary insanity. After this plea the state in developing its case, rebutted insanity by showing by its witnesses appellant acted in a normal manner after he was arrested and his actions were the same as they had been before the murder. . . The issue of temporary insanity was submitted to the jury under proper instructions and the jury found that appellant was not temporarily insane when he murdered his wife. We thoroughly discussed the issue raised by this assignment of error in the very recent case of Herron v. State, Miss., 287 So.2d 759, decided January 7, 1974, and deem it unnecessary to repeat here what was said in that case.
(288 So.2d at 835).
See also Warren v. State, 285 So.2d 756 (Miss.1973).
The trial court submitted the issue of Hogan’s sanity to the jury by appropriate instructions granted at the request of the State and the defendant. The contention that the verdict of the jury was against the weight of the evidence is without merit.
*1091 Appellant challenges two jury instructions granted at the request of the State. The objections now made are not those interposed to the instructions in the trial court and are made for the first time on appeal. Nevertheless, they have been considered and are found to be without merit.
Photographs of the deceased showing the numerous wounds suffered as the result of the shooting are said to have been inflammatory and without evidentiary value. The circumstances of the shooting, including the numerous times that Hogan shot his victim, were in evidence. Therefore, the value of the pictures as an aid to the jury in reaching its conclusions may have been slight. However, the trial court has considerable discretion in this area and we are unable to say that the introduction of the pictures was so prejudicial as to require a reversal of the conviction. Actually, the objection in the trial court, when the pictures were offered, was to testimony relating to the pictures rather than to the pictures themselves.
The conviction and sentence' will be affirmed.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.