408 So.2d 1375 (1982)
Freddy Lamar KING
v.
STATE of Mississippi.
No. 53179.
Supreme Court of Mississippi.
February 3, 1982.
Danny L. Lowery, Corinth, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and DAN M. LEE, JJ.
PATTERSON, Chief Justice, for the Court:
On the evening of March 21, 1980, Ricky Alexander died after being stabbed by Freddy King. King was tried for murder, convicted of manslaughter, and sentenced to fifteen years in the Mississippi Department of Corrections with seven years suspended. He appeals from this action by the Circuit Court of Alcorn County, and assigns for reversal the introduction of a photograph of the deceased which he contends prejudiced the jury.
No question arises concerning the accuracy of the photograph portraying the body of Ricky Alexander depicting the stab wound on his chest. Neither is there any question that the stabbing caused the death. The objection of defense counsel was,
Your Honor, I would interpose an objection at this time to it being introduced into evidence and would state that the photograph in itself would be prejudicial in view of  if the Court would look at the photograph,  it would just prejudice the client. There is no probative value involved in this photograph at this  in this particular case at this particular time. It is not disputed there was a stab wound on Mr. Alexander, therefore, since that is not disputed, it does not have any probative value and it would just be prejudicial.
*1376 After viewing the photograph the judge ruled,
All right, of course the offer at this time is the one photograph of the deceased, depicting a wound on his chest. The Court is of the opinion, since there has been no really direct testimony of anyone who saw the actual stabbing and to the knife, and the stabbing take place, who could testify directly to that. There would be some probative value to the photograph. The Court will allow one photograph and one only to be marked and received as an exhibit.
We are of the opinion the photograph had some evidentiary value and it was not inordinately gruesome to an adult jury acquainted with the norms of life and death. We are therefore of the opinion the trial court did not abuse its discretion in permitting its introduction. See Bruce v. State, 349 So.2d 1068 (Miss. 1977).
It is true there was no issue concerning the cause of Alexander's death, but there was some doubt from the evidence, as to the posture of Alexander and King at the time the knife blade entered Alexander's body. The appellant's testimony was,
He took his jacket off and he slapped me with it and I stood there and he seen I stood there and he ran his right hand in his pocket and he come back out with his right hand and I couldn't say if he dropped something or had something in his pocket, but he went down and come back at me like a lineman would hit a receiver. When he hit me, I just come up to push him off. The knife went in him. I thought the knife had closed. I looked at my hand and I seen blood on it. I looked at him and he was coming at me and I backed up from him again and I started around the corner and his brother come out later and said, "Hey, what you done did to my brother?".
The photograph had the potential of clarification, or making more certain, that which occurred. In any event we do not think it was introduced solely for the purpose of prejudicing the jury in view of its evidentiary value and surely we cannot state the judge abused his discretion in permitting its introduction.
AFFIRMED.
SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.