512 So.2d 1256 (1987)
Billy Ray SIMS
v.
STATE of Mississippi.
No. 56965.
Supreme Court of Mississippi.
August 19, 1987.
*1257 Jefferson B. Stewart, Hattiesburg, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and ANDERSON, JJ.
WALKER, Chief Justice, for the Court:
Billy Ray Sims was found guilty of rape by the Circuit Court of Forrest County, and sentenced to life imprisonment. From this adverse sentence Sims appeals making four (4) assignments of error.
On the evening of January 6, 1984, 79-year old Verda Booker was sitting in her living room at her home in Hattiesburg when she heard a knock at her back door and a voice saying, "it's me." Mrs. Booker thought the caller was a neighbor, and she opened the door and saw "a black boy," standing there. This subject forced his way into her house, overpowered Mrs. Booker, and brutally raped her. Ensuingly, the assailant began to look for the presence of any money, finding such in Mrs. Booker's purse, in a small box on her dresser, and in a coffee can containing change. After gathering together the money, the assailant fled the scene.
In August, 1984, a detective with the Hattiesburg Police Department ascertained that appellant had some information regarding the rape of Mrs. Booker. On August 10th, appellant gave a statement implicating one Sammy Saucier in the rape. Officers later discovered that Sims' statement was uncorroborated by the evidence in the case. Thereafter, on August 24th, appellant verbally confessed to the crime after executing a waiver of rights.
In the trial below, the verbal confession of Sims was placed into evidence, over the objection of appellant. Mrs. Booker identified Sims as the person who had forcibly raped her on January 6, 1984. Finally, a fingerprint lifted from the coffee can containing the currency taken subsequent to the rape matched that of appellant. At the close of all evidence, the jury found Sims guilty of raping Mrs. Booker and sentenced him to life imprisonment.

I. DID THE TRIAL COURT ERR IN DETERMINING THAT APPELLANT'S CONFESSION WAS FREELY AND VOLUNTARILY GIVEN?
Sims argues that the trial court should have barred the introduction of his confession due to a lack of voluntariness, in that it was the result of treats, pressure, and coercion. At the suppression hearing concerning the confession, appellant testified that the police officer taking the statement physically abused him, and promised that he would be released if he confessed. Additionally, Sims asserts that he only has a sixth-grade education, and at the time of the confession he was wearing a colostomy bag, both of which impaired his ability to freely and voluntarily waive his rights against self incrimination pursuant to the Fifth Amendment of the United States Constitution. Based upon the above, appellant asserts that the confession does not meet the "totality of the circumstances" test for voluntariness as established in Lee v. State, 338 So.2d 399 (Miss. 1976).
In rebuttal to appellant's statements, the interrogating police officer testified at the *1258 trial below that no mental or physical pressure was used on Sims, and that no promise of freedom or leniency was offered in exchange for the confession. Additionally, upon the request of Sims, a police officer called Sims' attorney for him. This occurred after a questioning period, in which the confession was made, of only thirty (30) minutes.
At trial, the lower court determined that the confession of Sims was voluntarily and freely given, and not the product of coercion. Such a finding of voluntariness, and thus the admissibility of a confession, is considered a finding of fact which will not be reversed on appeal unless manifestly in error, or contrary to the overwhelming weight of the evidence. Frost v. State, 483 So.2d 1345 (Miss. 1986); Clemons v. State, 316 So.2d 252 (Miss. 1975); Harrison v. State, 285 So.2d 889 (Miss. 1973). This Court has repeatedly upheld determinations of waiver when the officers taking the confession testified that the Miranda warnings were given, and that there was no coercion, threats or promises of leniency. Johnson v. State, 475 So.2d 1136 (Miss. 1985).
It is readily apparent from the record that the factual determination made by the lower court was not clearly erroneous. The assignment of error is without merit.

II. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR SUPPRESSION OF PHOTOGRAPHS?
Appellant contends that it was reversible error for the lower court to allow into evidence three (3) photographs of Mrs. Booker's injured face, head, and arm. The basis for Sims' contention is that the testimony of two (2) witnesses fully described the extent of the victim's injuries. As such, the introduction of the photographs had no useful evidentiary purpose, and could only arouse the passion and prejudice of the jury. May v. State, 199 So.2d 635 (Miss. 1967). It must be noted that May speaks only to the exclusion of photographs that are "gruesome" in nature. May at 640.
It has long been the position of this Court that photographs are admissible as evidence where they have "probative value," and where they are not so gruesome as to be overly prejudicial and inflammatory. Simpson v. State, 497 So.2d 424, 433 (Miss. 1986); Johnson v. State, 476 So.2d 1195 (Miss. 1985). The determination of the probative value of photographs, and of necessity the admissibility of photographs into evidence, is a matter for the discretion of the trial judge. Watson v. State, 483 So.2d 1326, 1328 (Miss. 1986); Hogan v. State, 366 So.2d 1089, 1091 (Miss. 1978). The three (3) photographs allowed into evidence by the lower court, simply put, depicted no more than the bruised face, arm, and head of Mrs. Booker subsequent to her being raped. Further, they clarified, and were descriptive of, the testimony at trial describing Mrs. Booker's injuries. Wetz v. State, 503 So.2d 803, 812 (Miss. 1987); King v. State, 408 So.2d 1375, 1376 (Miss. 1982). As the photographs in question were not "gruesome" in nature, we cannot say that the trial court abused its discretion in allowing the photographs into evidence. The assignment of error is without merit.

III. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR A MISTRIAL AND EXCLUSION OF TAINTED IDENTIFICATION AS A RESULT OF AN IMPROPER PHOTOGRAPHIC LINE-UP?
At trial, Mrs. Booker made an in-court identification of Sims as the man who had raped her on January 6, 1984. Sims objected to the in-court identification solely on the basis that he was the "only person" in court at the time. Now, on appeal, Sims objects to the in-court identification made by Mrs. Booker on the basis that a pre-trial photographic line-up was tainted. In this context, this Court's longstanding rule must again be reiterated, that when an objection is made at trial on one ground and on another ground on appeal, we will not accept such untimely argument as a *1259 ground for reversal. Daumer v. State, 381 So.2d 1014 (Miss. 1980); Jones v. State, 367 So.2d 458 (Miss. 1979); Pryor v. State, 349 So.2d 1063 (Miss. 1977); Meyer v. State, 309 So.2d 161 (Miss. 1975). An objection to evidence may not be made upon one ground in the lower court and be presented upon an entirely different theory in this Court. Anderson v. State, 171 Miss. 41, 156 So. 645 (1934). As such, Sims may not now at this late date raise the issue of a tainted photographic line-up. The assignment of error is meritless.

IV. DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S OBJECTION TO DISCOVERY BEING COMPLETE FOR FAILURE BY THE STATE TO PROVIDE APPELLANT WITH A COMPOSITE DRAWING OF THE ASSAILANT?
Prior to trial, appellant filed his discovery request pursuant to Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice. As a part of the request, appellant sought an alleged composite drawing of Mrs. Booker's assailant. The State did not provide a composite on the basis that such did not exist. The lower court went to great lengths to determine if such a composite drawing had been done by the Hattiesburg Police Department, with the only reasonable conclusion being that it had not. It is both ludicrous and idiotic for appellant to assign as error the failure of the State to provide in discovery that which does not exist. Appellant's contention is without merit.
After a thorough review of the record in the present case we are unable to find any error in the trial below. As such, the decision of the lower court is affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.