The State's evidence against Donald Eugene McNeal was circumstantial, but it overwhelmingly proved his guilt beyond reasonable doubt. The majority opinion reverses the conviction, stating that three photographs were gruesome, inflammatory and prejudicial. Unless there has been a clear abuse of discretion on the part of the trial judge, this Court will not reverse on such ground.
The body of Darlene McNeal was discovered lying face down in the woods. Her face was decomposed and maggots had eaten away the flesh, leaving the skull and face bare. However, the photos had probative value in depicting the entry point of the missile, which caused her death. It was a large jagged hole at the left rear of the skull (head). The potential murder weapon was found in the possession of McNeal. The physical evidence reflected in the photographs was an extremely important circumstance in the case and had real evidentiary value.
As for being gruesome, the photos here cannot compare with many other cases affirmed by this Court on the question, e.g.,
photos of the victim with part of the head blown off, brains scattered on the floor and walls, fresh blood all over and around the scene. Comparing such cases with this one, the photos here are mild.
The writer has been a member of this Court for fourteen years. During that time, although many cases involving the question of gruesome photographs have been before the Court, none have been reversed for that ground. See Hunt v. State, 538 So.2d 422
(Miss. 1989) (dead body and blood on the concrete driveway);Pinkney v. State, 538 So.2d 329, 347 (Miss. 1988) (victim's body); Minnick v. State, 551 So.2d 77, 83 (Miss. 1988) (dead bodies); Lanier v. State, 533 So.2d 473, 483-84 (Miss. 1988) (body at crime scene); Jackson v. State, 527 So.2d 654, 657 (Miss. 1988) (victim's body); Boyd v. State, 523 So.2d 1037, 1040 (Miss. 1988) (morgue photos, crime scene photos); Kniep v.State, 525 So.2d 385, 387 (Miss. 1988) (victim's body photographed at hospital); Williams v. State, 544 So.2d 782, 784 (Miss. 1987) (victim's heart and larynx separated from the body, upper portions of victim's body at autopsy, body as found at scene of murder, close-up view of the chest area at autopsy, enlarged close-up views of wound to the genital area); Sims v.State, 512 So.2d 1256, 1258 (Miss. 1987) (victim's bruised head, face and arm not "gruesome"); McFee v. State, 511 So.2d 130, 134-35 (Miss. 1987) (lower portion of victim's body clad in blood-stained pajama pants torn to expose pubic area); Koch v.State, 506 So.2d 269, 271 (Miss. 1987) (enlargements to show powder burns *Page 161 
on victim's body); Griffin v. State, 504 So.2d 186, 192 (Miss. 1987) (crime scene with two bodies); Simpson v. State,497 So.2d 424, 433 (Miss. 1986) (photographs of victim not gruesome);Cooley v. State, 495 So.2d 1362, 1364 (Miss. 1986) (victim's leg wound); Parker v. State, 514 So.2d 767, 771 (Miss. 1986) (victim as rescuers attempted to cut clothing from his body after fire); Wiley v. State, 484 So.2d 339, 346 (Miss. 1986) (body and blood); Watson v. State, 483 So.2d 1326, 1328 (Miss. 1986) (child's injuries); Luvene v. State, 481 So.2d 323, 325 (Miss. 1985) (four photographs of rape victim's face); Johnson v.State, 476 So.2d 1195, 1206 (Miss. 1985) (photographs of victim to show cause of death and extent of wounds not gruesome);Swanier v. State, 473 So.2d 180, 185 (Miss. 1985) (victim's body to show severity of wounds); Trapp v. Cayson,471 So.2d 375, 380 (Miss. 1985) (film showing attaching catheter for urination, bowel evacuation procedures, etc.); Cabello v.State, 471 So.2d 332, 341-42 (Miss. 1985) (body on autopsy table to show how tape had covered nose, how rope had crushed larynx, how tightly wrists and ankles had been bound, livor on dependent side); Kelly v. State, 463 So.2d 1070, 1074 (Miss. 1985) (color photos of victim and crime scene to show location of wound);Cardwell v. State, 461 So.2d 754, 760 (Miss. 1984) (photos of deceased child to show location and multiplicity of wounds and extent and force of violence used); Roberts v. State,458 So.2d 719, 722 (Miss. 1984); Gardner v. State, 455 So.2d 796, 800 (Miss. 1984) (crime scene); Lewis v. State, 454 So.2d 1306, 1307 (Miss. 1984) (photo showing position of body); Holliday v.State, 455 So.2d 750, 752 (Miss. 1984) (slides showing entry wound and bullet hole in the wall); Dufour v. State,453 So.2d 337, 345 (Miss. 1984) (bodies of victims showing entrance wounds by knife and screwdriver); Billiot v. State, 454 So.2d 445, 460 (Miss. 1984) (photo of victim to establish corpus delicti);Collins v. State, 447 So.2d 645, 646 (Miss. 1984) (photo of victim to show the degree of decomposition consistent with testimony as to time of death and what the victim was wearing when last seen); Booker v. State, 449 So.2d 209, 216 (Miss. 1984) (graphic photos of victim's condition after shooting);Sharp v. State, 446 So.2d 1008, 1009 (Miss. 1984) (photograph of victim to establish circumstances of the killing, corpus delicti and position of body); Groseclose v. State,440 So.2d 297, 301 (Miss. 1983) (victim's body at time officers arrived not inordinately gruesome); Hubbard v. State, 437 So.2d 430, 436 (Miss. 1983) (to show posture of victim at time he was shot);Robinson v. State, 434 So.2d 206, 208 (Miss. 1983) (color slides depicting victim's fatal wounds); Palmer v. State,427 So.2d 111, 116 (Miss. 1983) (photographs showing brutal beating to murder victim's face to show victim not accidentally killed);Gilliard v. State, 428 So.2d 576, 581 (Miss. 1983) (photo of victim's arm and body with considerable amount of blood to show cruelty and atrocity of crime and to show position and distance connected with discharge of gun); Shearer v. State,423 So.2d 824, 826 (Miss. 1982) (gruesome photographs of decedent's wounds not devoid of probative value); Smith v. State, 419 So.2d 563, 567 (Miss. 1982) (photographic slides of victim projected on screen during closing argument not inordinately gruesome and had probative value as to nature of wounds and whether offense was especially heinous, atrocious or cruel); and Edwards v. State,413 So.2d 1007, 1011 (Miss. 1982) (black and white photos depicting single bullet wound not gruesome).[1]
The majority opinion cites McFee v. State, 511 So.2d 130
(Miss. 1987), as authority for its position. However, it neglects to state the McFee Court denied the contention that admitting the photos was error and affirmed the conviction.
A former Justice of this Court once said, "If the photo has any probative value at all, why should the defendant be in a position *Page 162 
to complain — he caused the condition of the poor victim."
I dissent.
ANDERSON, J., concurs with this dissent.
[1] In addition to the cases listed, at least thirty (30) more cases have been handed down by this Court since 1950 allowing convictions to stand where photographs, challenged as "gruesome" and "inflammatory," have been entered into evidence.