316 So.2d 252 (1975)
Mary H. CLEMONS
v.
STATE of Mississippi.
No. 48580.
Supreme Court of Mississippi.
July 14, 1975.
Rehearing Denied August 4, 1975.
Bernard Gautier, Pascagoula, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SMITH and WALKER, JJ.
WALKER, Justice.
The appellant Mary H. Clemons was convicted in the Circuit Court of Jackson County, Mississippi, of murdering one *253 Ricky Robinson, a cab driver, during an armed robbery which netted her fourteen dollars and some change. She was sentenced to life in the state penitentiary. We affirm.
The appellant's primary assignment of error is that the trial court erred in not overruling her motion to suppress a confession which was admitted into evidence. Her contentions in this regard are threefold: (1) that the extent and duration of the officers' questioning, despite her repeated denials, amounted to undue coercion; (2) that she was intimidated into not calling an attorney and thereby denied the assistance of counsel; and (3) that she was induced to make the statement by a promise of leniency.
The appellant contends that under the totality of these circumstances that the confession was involuntary and inadmissible. However, each of the officers who interrogated the appellant or who was present at the time of the interrogations, testified and categorically denied that the appellant had been abused or mistreated in any manner; or that she had been promised leniency; or that she had been coerced or intimidated.
This conflicting evidence presented a question of fact to be determined by the trial judge who was in the best position to observe the witnesses as they testified. We have consistently held that where evidence is conflicting on the question of whether a confession was voluntarily made, that the issue is to be determined by the trial court; and upon review, this Court will not disturb the trial court's finding unless it appears to be contrary to the evidence. Ivey v. State, 246 Miss. 117, 149 So.2d 520 (1963).
We have thoroughly examined the record with regard to appellant's contention that her confession was not voluntary and are unable to say that the trial court's finding was against the overwhelming weight of the evidence. We are therefore of the opinion that appellant's confession was properly admitted into evidence.
The appellant readily concedes that she was advised, on several occasions, of her rights as required by Miranda.
We have also considered appellant's assignment of error that the district attorney made an improper and prejudicial comment during his closing argument to the jury. However, no objection was made nor was a motion for a mistrial requested at the time of the alleged improper statement. In Griffin v. State, 292 So.2d 159, 163 (Miss. 1974), Justice Inzer, speaking for the Court, said:
We have said in numerous cases that even though the remarks complained of may have been improper, the only way to preserve the right to have the matter reviewed on appeal is by objection at the time the improper remarks are made and moving for a mistrial in the event the court fails to take such action as may be necessary to neutralize the effect of such improper arguments. It is only when the argument is so inflammatory as to require the entry of the trial judge of his motion that we will review the argument in the absence of objections.
Under the circumstances of this case, we are of the opinion that the alleged remark was not so inflammatory that we should review it in the absence of a proper objection.
The appellant's assignment of error with regard to instruction numbers 2 and 3 granted to the state are wholly without merit and warrant no discussion.
The judgment of the lower court is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.