PATTERSON, Presiding Justice,
for the Court.
Ben Thames was convicted in the Circuit Court of Warren County for the murder of Willie Thomas and was sentenced to life in the state penitentiary. He presently challenges the order of the trial court overruling his motion to suppress evidence.
The record discloses abundant evidence supporting the appellant’s conviction of murder by stabbing Willie Thomas to death. In our opinion, no purpose would be served by relating the details of the event.
The sole issue before this Court is whether the motion to suppress the statements made by the appellant to the arresting officer should have been sustained. Thames contends they were made by him without his receiving the benefit of a proper Miranda warning.
Thames does not dispute that Ed Reed, the arresting officer, made an effort to warn him of his constitutional rights as expressed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He contends that Reed did not advise him of all the critical requirements-of that decision because “Reed overlooked telling him that he did not have to answer any question” and since this was so, he unwittingly answered questions propounded by Reed to his prejudice. The statement made by Thames which Reed related in his testimony -was “He said, ‘I went over there to kill both of them,’ and I said, ‘Well, you didn’t kill but one of them, you killed Willie.’ And he said ‘Well I intended to kill that S.O.B. and I’m glad I killed him, and if I had it to do over I’d do it again.’ That’s the ■ exact words he said to me.”
Reed testified on the motion to suppress that “he told him he didn’t have to say anything.” This was emphasized on cross-examination of Reed by defense counsel when the following question was asked and answered:
Q. And what Rights did you give him?
A. I told him that he had the right to remain silent, that he didn’t have to *501 say anything, that anything he said would be used against him in the Court of Law. *
Arthur Wylie, who heard Thames’ statements or confession, testified that Reed gave the “rights” before asking any question. When asked by defense counsel on cross-examination, “What rights did he give him?” Wylie responded: “I didn’t catch all of it. But I know he said something about you have the right to remain silent, or something like that. I didn’t catch all of it.” June Allen testified to hearing similar statements in the police car after Reed had repeated the Miranda warning including the right to remain silent.
Thames testified he was not advised of his right to remain silent. This created a conflict on the motion to suppress which was decided against the appellant.
While it is true that the Miranda decision places a heavy burden upon the state to substantiate the adequacy of the warning, there nevertheless remains, in our opinion, clear and substantial proof to affirm the trial court’s overruling the motion to suppress. Clemons v. State, 316 So.2d 252 (Miss.1975).
Our study of the record reveals ample evidence to support the appellant’s conviction and since we discern no error therein, the cause will be affirmed.
AFFIRMED.
GILLESPIE, C. J., INZER, P. J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.