344 So.2d 739 (1977)
Thomas WILSON
v.
STATE of Mississippi.
No. 49596.
Supreme Court of Mississippi.
April 6, 1977.
*740 Joe B. Timmons, Tupelo, for appellant.
A.F. Summer, Atty. Gen. by John C. Underwood, Jr., Special Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SMITH and WALKER, JJ.
WALKER, Justice, for the Court:
On May 23, 1975, two armed men held up the office of the People's Bank & Trust Company in Guntown, Mississippi, escaping with $15,000 in cash. Soon thereafter, Thomas Wilson was arrested and charged with the crime. Upon his trial in the Circuit Court of Lee County, the jury found him guilty of armed robbery and sentenced him to life imprisonment. In his appeal, he cites several procedural errors which require only brief comment.
Wilson alleges that the trial court improperly admitted evidence of other crimes. Two employees of the bank testified that, in addition to stealing the bank's money, Wilson had ordered two employees to place their wallets in the bag. The theft of the wallets was not charged in the indictment. Highway Patrolman Herman Davis testified that he had heard the report of the robbery, and soon thereafter noticed a pickup truck corresponding to the description of the criminal's vehicle. He testified that, although he turned on his lights and his siren, the truck refused to pull over. When the truck finally stopped, Wilson and his companion opened fire on the patrolman and the Prentiss County sheriff's car. This gun battle was not charged in the indictment, and Wilson contends that it was error to admit Davis' testimony. It is true that the general rule is that evidence of crimes not charged is ordinarily inadmissible against the defendant. Hawkins v. State, 224 Miss. 309, 324-25, 80 So.2d 1, 8-9 (1955). However in that very opinion, the Court stated, "Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime" charged in the indictment. Id. at 325, 80 So.2d at 9. There can be no doubt that Wilson's decision to open fire on Officer Davis within minutes after the robbery tended to prove his guilt. See Cooper v. State, 218 So.2d 874 (Miss. 1969). Likewise, the testimony that Wilson had stolen the two wallets was admissible because it was "reasonably connected" with the offense charged. See Brooks v. State, 242 So.2d 865, 869 (Miss. 1971).
The bank manager testified that within thirty minutes after the robbery, police officers returned the money and the two suspects to the bank. An F.B.I. agent asked the manager if he could identify the suspects, and the manager replied that Wilson and his companion were indeed the robbers. At that time, a teller also identified Wilson as the culprit. At trial, both the manager and the teller made a positive identification of Wilson. The Supreme Court of the United States has held that such in-court identifications are admissible, *741 even though the witnesses had previously identified the defendant at a lineup outside the presence of his attorney, if the state can "establish by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." United States v. Wade, 388 U.S. 218, 240, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149, 1164 (1967). This same principle applies where, as here, no lineup is used, but the suspect alone is exhibited to the witnesses. The Supreme Court has held that such a showing is permissible, despite the absence of counsel for the suspect, where, as here, it takes place before indictment. See Kirby v. Illinois, 406 U.S. 682, 690-91, 92 S.Ct. 1877, 1882-83, 32 L.Ed.2d 411, 418-19 (1972). In this case, the trial judge heard extensive testimony, outside the presence of the jury, from both the manager and the teller which satisfied him that their identifications were based, not on their observation of the defendant after his arrest, but on their recollections of the crime itself. We cannot say that he was wrong, and we hold that their testimony was properly admitted.
Wilson also contends that a new trial should have been declared because of the following language in the state's closing argument: "This is your community. You live in it. You set the standards. And today you can set a standard that you can live by." However, Wilson's counsel did not object to this argument until after the jury had been excused. For this reason alone, the trial court was justified in overruling his motion. Clemons v. State, 316 So.2d 252 (Miss. 1975). Furthermore, it does not seem to us that this statement could possibly have prejudiced the defendant.
Wilson further contends that the evidence does not support the jury's verdict. Upon a review of the whole record, including the positive identifications by the bank personnel, we are convinced that the record does support the verdict.
Finding no merit in any of the defendant's assignments of error, we conclude that his conviction and sentence must be affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.