497 So.2d 440 (1986)
Otha Lee ROBINSON
v.
STATE of Mississippi.
No. 57075.
Supreme Court of Mississippi.
November 5, 1986.
*441 Mose Lee Sudduth, Jr., Columbus, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
WALKER, Chief Justice, for the Court:
Otha Lee Robinson was convicted of murder in the Circuit Court of Lowndes County and sentenced to life imprisonment. From that conviction he appeals. Finding no error, we affirm.
In August of 1980, Otha Lee Robinson, a thirty (30) year old native of Macon, Mississippi, went to Columbus, Mississippi, in search of employment. He arranged to share a house there with James Henry Harris. After several weeks Harris insisted that Robinson move out because Robinson had failed to pay his share of the household expenses.
On the morning of September 9, 1980, Robinson drove to the home of Annie Pearl Cox, Harris' neighbor. He was drinking what he described as "home-brew." During his conversation with Cox, Robinson stated that he was going to kill James Henry Harris. Cox did not believe he was serious.
That same morning Cox and Robinson went to the home of Catherine Williams, who lived nearby. While in the Williams home Robinson went into the bathroom. Immediately afterward, as Robinson left the house, Williams noticed a pistol in his pants pocket.
Robinson then proceeded to Harris' house, where Sid White, another neighbor, happened to be visiting. Sid White was sixty-eight (68) years old. James Henry Harris was also in his sixties and used a walker because of arthritis. Robinson went into the house, shot White, and then shot Harris. White died of a single gunshot wound above the left ear, and Harris was treated for three (3) gunshot wounds to the head.
According to Harris' testimony Robinson walked into the house and, without saying a word, shot White and then Harris.
Robinson's testimony was as follows: When Robinson entered the house, Harris and White accused him of "messing with people's wives and women" and attacked him. Harris was armed with a knife and a length of pipe, and White with a length of pipe. When the men attacked him, Robinson pulled the gun and, as they struggled, the gun fired by accident, striking White. Then Robinson turned and fired at Harris.
Sid White's wife Addie was at home nearby. After hearing the shots, she looked out her window and saw Robinson walk quickly away from Harris' house and get into a passing automobile.
That automobile was driven by Eadie McPeace. McPeace's passenger, who was acquainted with Robinson, asked McPeace *442 to give Robinson a ride. McPeace took Robinson to an automobile repair shop. From there Robinson went to Macon where he turned himself in to the sheriff. There is conflicting testimony as to whether Robinson had sustained a knife wound. When White's body was found, a square-blade knife was in his left hand. His wallet was on the floor near his body.
Robinson was tried in the Circuit Court of Lowndes County. After the jury found him guilty of murder, the trial judge sentenced him to life imprisonment. From that conviction Robinson appeals, assigning one error.
On appeal Robinson raises a single issue: whether the trial court erred in admitting evidence of another crime.
At trial the State introduced into evidence several photographs of the deceased. In one of these a wallet was visible a few feet from the body. Robinson testified in his own defense. On cross-examination the district attorney questioned him about the photographs, and the following exchange took place:
Q. I hand you what has been marked State's Exhibit Four and ask you to look at that picture and see if  tell me what that is.
A. (Witness looks at photograph) What?
Q. Can you  I'm pointing to the right corner and ask if you can identify what that is?
A. No, sir, I can't.
Q. Is that not Sid White's wallet?
A. I wouldn't know, sir.
Q. Is it not true that you took that wallet out of his pocket?
MR. KESLER:
To which we object, Your Honor; he's trying to interject the possibility of another crime that's highly prejudicial.
THE COURT:
Overruled.
MR. MONTGOMERY:
Q. Is it not true that you took that wallet out of Sid White's pocket, Otha Lee?
A. No, sir.
Robinson argues that this line of questioning injected into the trial was inadmissible evidence of another crime. As stated in his brief, his claim is that the State attacked him with evidence of other misconduct, completely separate and distinct from the crime charged. We disagree.
Generally, evidence of crimes other than the one for which the accused is on trial is inadmissible in a criminal prosecution. Cabello v. State, 490 So.2d 852 (Miss. 1986); Leatherwood v. State, 435 So.2d 645 (Miss. 1983); Wilson v. State, 344 So.2d 739 (Miss. 1977). The reason for the rule is to preclude the State from raising the "forbidden inferential sequence," that the accused has committed other crimes and is therefore more likely to be guilty of the offense charged. Lancaster v. State, 472 So.2d 363 (Miss. 1985); Davis v. State, 377 So.2d 1076 (Miss. 1979).
Grounded in the rule's purpose are exceptions. Evidence of another offense is admissible when offered, not to show the accused's criminal tendencies, but instead to prove identity, knowledge, intent, common criminal scheme or plan, or absence of mistake. Tolbert v. State, 407 So.2d 815, 819 (Miss. 1981); Gray v. State, 351 So.2d 1342 (Miss. 1977). See also Mississippi Rule of Evidence 404(b) (effective January 1, 1986) (evidence of other crimes admissible to prove such things as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident).
There are other exceptions. The defendant may "open the door" to evidence of other crimes, as by claiming that he acted under the domination of another in committing the act charged. Leatherwood v. State, 435 So.2d 645 (Miss. 1983); or, as in the case at bar, the evidence may be admissible because the other offense is so closely related to the crime charged as to form a single transaction or closely related series of transactions. Minor v. State, 482 So.2d 1107 (Miss. 1986); Neal v. State, 451 So.2d 743 (Miss. 1984); Leatherwood v. State, supra; Gray v. State, supra; Turner v. State, 478 So.2d 300, 301 (Miss. 1985).
*443 We are of the opinion that the questions about the wallet were so closely related to the killing of White as to come within the last exception and did not constitute error.
The conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE, P.J., and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.