DAN M. LEE, Presiding Justice,
for the Court:
The appellant, T.A. Hartfield, along with Ronnie Donald and David Rigsby, was indicted by the Grand Jury of Forrest County, Mississippi, for the crime of uttering. He was also charged under § 99-19-83 of the Mississippi Code of 1972, as amended, as an habitual offender.
Following a two-day trial, the jury returned a verdict of guilty on the uttering charge. At a separate hearing, the court found Hartfield to be an habitual offender under § 99-19-83, Miss. Code Ann. (1972), and sentenced him to life without parole. Feeling aggrieved by the holding of the lower court, Mr. Hartfield appeals and assigns two errors. Ultimately finding no error, we affirm.
FACTS
On March 18, 1986, T.A. Hartfield, the appellant, asked Ronald Donald to accompany him to his farm outside of New Augusta, Mississippi. The purpose of this trip was supposedly to do work at Hartfield’s farm. Pursuant to this conversation, T.A. Hartfield (hereinafter “Hartfield”), and Ronald Donald (hereinafter “Donald”) met in Hattiesburg, Mississippi. After meeting on the corner of Dabbs Street in Hatties-burg, the two men proceeded to Richton, Mississippi. In Richton, Hartfield told Donald he had a check to cash. Donald testified, “[appellant] told me he had a check and we’d get the check cashed ... and he would pay me ... so ... he asked me would I go in and cash the check and I told him yes, I would.” Hartfield made this check payable to “Joe A. Rutherford, Jr.” and signed it “Bobby Wayne.” Donald signed it on the back “J.A. Rutherford.” The check was for $230.00. The pair then set out to cash the check.
Hartfield gave Donald a social security card bearing the name “Joe A. Rutherford, Jr.” Along with the social security card, Hartfield gave Donald a billfold in which to place the check. With the billfold in Donald’s hands, the two proceeded to the “IGH Store in Richton.” The plan to cash the *1238 check in Richton was diverted when Hart-field observed the manager’s car in the parking lot. Frustrated due to this setback, Hartfield drove Donald to the home of Hartfield’s cousin in Perry County.
Resuming their efforts to cash the check, Hartfield and Donald came back to Rich-ton. In Richton, the two men stopped at a gas station. While Donald was inside paying for the gas, Hartfield talked with a man named David Rigsby. Hartfield asked Rigsby to accompany them on their trip back to Hattiesburg. After Rigsby agreed to accompany the two men, Donald drove the group back to Petal, Mississippi. Arriving in Petal, the three men stopped at a Junior Food Mart. At this point Hartfield asked Rigsby to go in and cash the check. Agreeing to this request, Rigsby went into the store. In minutes Rigsby returned and told Hartfield that “they wouldn’t cash a check there, but she [the clerk] said they might cash it around at the Jitney Jungle.”
At this point, Donald informed the two men that he “was not going to drive” and “not going to stop at the Jitney Jungle.” Undaunted, Hartfield requested that Rigs-by drive the automobile. Rigsby drove the car to the Jitney Jungle parking lot where Hartfield handed Rigsby the forged check and the social security card. He “told Rigsby to go in and get some beer.” Rigs-by proceeded into the Jitney Jungle store. At this point, Donald got out of the car and proceeded to call a cab.
After entering the store, Rigsby put two six-packs of beer on the check-out counter. With the $230 check in hand, Rigsby testified, “I reached and gave her the check and asked her could she cash the check. She looked at it and then she went up to the top of the thingamarig checked the checking stuff I reckon and then she came back and asked me for some i.d.” Unbeknownst to Rigsby, the cashier noticed that the check was on a list which the store had been alerted to watch for. Having discovered this information, the cashier alerted the co-manager.
In this period of time, T.A. Hartfield entered the store and offered to co-sign or offer an additional endorsement on the check. Suspicious of Hartfield’s intentions, Craig Price, co-manager, alerted police. A few minutes later police entered the store and arrested Hartfield and Rigsby. Additionally, Donald was apprehended in the parking lot.
DISCUSSION
The Court Committed Reversible Error in Introducing Evidence of Other Criminal Activity Against the Appellant During His Trial for Uttering.
Hartfield points out that the prosecution was allowed to introduce evidence of the actual forgery of the instrument in another county and the attempt at uttering at another point, in Forrest County, Mississippi.
Based on these facts from the record, Hartfield asserts that evidence of crimes other than the one for which the accused is on trial is inadmissible in a criminal prosecution. See Cabello v. State, 490 So.2d 852 (Miss.1986); Leatherwood v. State, 435 So. 2d 645 (Miss.1983); Wilson v. State, 344 So.2d 739 (Miss.1977).
However, this issue is now controlled by Rule 404(b), M.R.E., which provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
The state explains that Hartfield was indicted for uttering a forgery. Section 97-21-49, Miss. Code Ann. (1972), reads:
Every person who shall be convicted of having sold, exchanged or delivered, for any consideration, any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money, absolutely or upon contingency, knowing the same to be forged, or counterfeited, with the intent to have the same uttered or passed ... shall be guilty of forgery.
Based on this Code section, the state was required to show that Hartfield “uttered *1239 and published as trae” the check, “well knowing same to be false, forged and counterfeited. ...”
Hartfield’s argument that the state’s introduction of evidence of other potential criminal activities on the part of Hartfield was unfair and highly prejudicial to his case fails for several reasons. Most importantly, David Rigsby’s testimony about trying to cash the check at the Junior Food Mart goes directly to the crime of uttering. The indictment on page 1-A of the record reads as follows:
T.A. Hartfield, Ronnie Donald and David G. Rigsby, in conjunction with each other ... did willfully, unlawfully and felonious issue, utter and publish as true to an agent of Southern Jitney Jungle, Inc., a corporation, at Store Number 27, a certain check of the tenure, purport and effect as follows, to-wit....
We fail to see that Mr. Rigsby’s testimony falls into the category of “evidence of other crimes than the one for which accused is on trial.” More specifically, the evidence presented goes directly to establishing Hartfield’s guilt in the crime of uttering.
As to the evidence in connection with the actual forgery of the instrument by Rigs-by, this issue is again controlled by Rule 404(b), M.R.E., in that Ronald Donald’s testimony was essential in establishing that Hartfield had knowledge of the preparation of the forged instrument. This testimony obviously reveals that Mr. Hartfield forged the check in question.
Furthermore, Donald’s and Rigsby’s testimony revealed a chain of events that was interrelated and led to the uttering offense charged in this indictment as to interrelated offenses. This Court recently stated:
Generally, evidence of other crimes separate and distinct from that charge in the indictment is inadmissible.... However, such evidence is admissible where offenses are so interrelated as to constitute a single occurrence or closely related oc-currences_ Where evidence of another crime forms part of a transaction of which the crime charged is so intimately connected therewith that one cannot be proven without some proof of the other, the evidence is admissible.
Shaw v. State, 513 So.2d 916 (Miss.1987). Focusing on the reasoning in Shaw, this Court believes that the evidence concerning Mr. Hartfield’s participation in forging the check was closely interrelated to the crime of uttering charged in the indictment. See also Brock v. State, 530 So.2d 146 (Miss. 1988). Therefore, the trial court was correct in admitting the testimony of Ronald Donald and David Rigsby.
The Court Committed Reversible Error in Overruling Appellant’s Motion for Directed Verdict and Request for Peremptory Instruction.
Considering all the testimony offered by David Rigsby and Ronnie Donald, this Court finds that the lower court was correct in overruling appellant’s motion for a directed verdict. Shelton v. State, 445 So. 2d 844, 848 (Miss.1984).
CONCLUSION
Finding no reversible error in this record, we therefore affirm Hartfield’s conviction and sentence. Accordingly, the order of the Circuit Court of Forrest County, Mississippi, dated May 28, 1986, be and the same is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.